UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL TEKLEMARIAM HAGOS,

          Plaintiff,

   v.

D. TORRES-RAMIREZ, *et al.*,

          Defendants.

Case No. C23-883-LK-MLP

REPORT AND RECOMMENDATION

Plaintiff Daniel Teklemariam Hagos is currently confined at the King County Jail in Seattle, Washington. He has submitted to this Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis* ("IFP"). (*See* dkt. ## 1, 1-1.)

Plaintiff identifies three claims for relief in his complaint, all somewhat difficult to understand. (*See* dkt. # 1-1.) First, Plaintiff alleges his "federal rights" were violated when Correctional Officer D. Torres-Ramirez "deprived [Plaintiff of] slippers [and] a cup" for showering and "pencils to write with[.]" (*Id.* at 3-5.) Plaintiff next purports to allege a "cruel punishment" violation because, on June 3, 2023, Classification Officer T. Khuu asked Plaintiff why he was in restrictive housing and deprived Plaintiff of a transfer to the Regional Justice

REPORT AND RECOMMENDATION - 1

1 | Center in Kent, Washington, which Plaintiff alleges has "cleaner water" without "le[a]d
2 | pois[o]ning and mercury" and has "no airborne virus" transmitting COVID-19. (*Id.* at 3, 5-6, 15.)
3 | Finally, Plaintiff alleges the King County Department of Public Defense committed
4 | "constitutional error" when, on May 22, 2023, Dr. Sailey from Western State Hospital and public
5 | defender Cheyenne Smith attempted to visit Plaintiff for a "court-ordered competency
6 | evaluation" but he declined. (*Id.* at 3, 7.) Plaintiff also appears to allege that on May 26, 2023,
7 | Dr. Sailey told him she had been "recording [his] phone calls from jail[,]" which violated his
8 | rights. (*Id.* at 7-8.)

9 | Plaintiff identifies as Defendants in his complaint Officer Torres-Ramirez, Officer Khuu,
10 | and the King County Department of Public Defense. (Dkt. # 1-1 at 3.) Plaintiff seeks monetary
11 | damages in the amount of $99 billion and release from custody. (*Id.* at 10.) He also asks that
12 | Officer Torres-Ramirez, Officer Khuu, non-parties Dr. Sailey, Ms. Smith, and public defender
13 | Liza Parisky, and "whoever is involved" to be prosecuted and sent to federal prison. (*See id*.)

14 | Plaintiff's complaint is deficient in various respects, but the Court need not address the
15 | specific deficiencies unless and until Plaintiff satisfies the filing fee requirement. As noted
16 | above, Plaintiff has submitted an IFP application. Pursuant to 28 U.S.C. § 1915(g), a prisoner
17 | may not proceed IFP in a civil action if he or she has, on three or more prior occasions, brought
18 | civil actions or appeals that were dismissed on the grounds that they were "frivolous, malicious,
19 | or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under
20 | imminent danger of serious physical injury."

21 | A review of Plaintiff's litigation activities in this District reveals that he has filed over
22 | two dozen cases and has accumulated multiple "strikes" under § 1915(g). In particular, Plaintiff
23 | has brought at least four cases that were dismissed for failure to state a claim. *See Hagos v.*

REPORT AND RECOMMENDATION - 2

1  *Goodwill*, Case No. C22-1436-RSL; *Hagos v. St. Laurent*, Case. No. C22-1638-TSZ; *Hagos v.*
2  *King County Prosecuting Attorney's Office*, C22-1725-MJP; and *Hagos v. Kahsay*, C23-251-
3  JLR.

4        Because Plaintiff has accumulated at least three strikes, he may not proceed with this
5  action without prepayment of the full filing fee unless he shows that he was "under imminent
6  danger of serious physical injury" at the time his complaint was filed. 28 U.S.C. § 1915(g);
7  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time
8  of the filing of the complaint that matters for purposes of the 'imminent danger' exception to
9  § 1915(g)."). The imminent danger exception requires a prisoner allege a danger that is either
10 "already taking place" or that is "'ready to take place' or 'hanging threateningly over one's
11 head.'" *Id*. at 1056 (internal citations omitted).

12       Plaintiff makes a conclusory assertion on the first page of his complaint that he is "Being
13 Attacked," but fails to provide any details or even to specify if any such attack is physical. (Dkt.
14 # 1-1 at 1.) Plaintiff also vaguely mentions COVID-19 in the air and lead and mercury in the
15 water. (*Id.* at 5-6, 15.) Plaintiff fails, however, to allege any clear and specific facts
16 demonstrating that he is in imminent danger of serious physical injury, and the facts alleged by
17 Plaintiff do not suggest that any such danger existed at the time he filed this case. This Court
18 therefore concludes that Plaintiff is ineligible to file this lawsuit in federal court without paying
19 the $350.00 filing fee plus a $52.00 administrative fee, for a total of $402.00. Plaintiff is advised
20 that even if he elects to pay the filing fee, his complaint is, at present, defective and payment of
21 the filing fee would not necessarily ensure that he will be permitted to proceed with this action.

22       Accordingly, this Court recommends that Plaintiff's IFP application (dkt. # 1) be denied.
23 This Court further recommends that Plaintiff be directed to pay the filing fee within **thirty (30)**

REPORT AND RECOMMENDATION - 3

**days** of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 21, 2023**.

The Clerk is directed to send copies of this Report and Recommendation to the parties and to the Honorable Lauren J. King.

Dated this 30th day of June, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4